UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ANTONIO ATILANO,

        Plaintiff,

  v.

THE COUNTY OF BUTTE,

        Defendant.
_____/

NO. CIV. S-07-0384 FCD KJM

<u>MEMORANDUM AND ORDER</u>

----oo0oo----

    This matter is before the court on a motion for summary judgment, or alternatively, summary adjudication brought by defendant County of Butte ("defendant"). By its motion, defendant seeks adjudication in its favor on the complaint filed by plaintiff Antonio Atilano ("plaintiff"), which alleges claims for (1) violation of plaintiff's constitutional rights, pursuant to 42 U.S.C. § 1983, and (2) violation of California Civil Code § 43, which provides that every person has "the right of protection from bodily restraint or harm, from personal insult,

from defamation, and from injury to his personal relations." Plaintiff opposes defendant's motion.

For the reasons set forth below, the court GRANTS defendant's motion for summary judgment.[1]

## BACKGROUND[2]

### I. Butte County Jail and its Policies

Defendant, a municipality, is responsible for setting the policies, practices and customs of the Butte County Jail.[3] Defendant states that part of its philosophy in supervising the jail is to ensure remanded inmates are provided with safe, secure, and humane treatment consistent with applicable standards, laws, and judicial decisions. (Def.'s Stmt. of Undisputed Facts ("SUF"), filed June 24, 2008, ¶ 1.) Defendant also states that it has the philosophy of providing to inmates

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

[2] With his opposition, plaintiff did not reproduce defendant's statement of undisputed facts with admissions and denials, which is required by the Local Rules. See E.D. Cal. L.R. 56-260(b). Plaintiff only filed his own statement of undisputed facts without addressing defendant's statement of undisputed facts. Accordingly, the court will deem all of the facts provided by defendant undisputed unless they are contradicted by plaintiff's statement of undisputed facts. Also, unless otherwise noted, the facts recited herein are undisputed. See Def.'s Stmt. of Undisputed Material Facts, filed June 24, 2008; Pl.'s Opp'n to Def.'s Stmt. of Undisputed Material Facts, filed July 11, 2008 ; Def.'s Replies to Pl.'s Opp'n to Def.'s Stmt. of Undisputed Material Facts, filed July 18, 2008.

[3] In its motion for summary judgment, defendant states that the Butte County Sheriff's Office is responsible for setting the policies, practices and customs of Butte County Jail. (SUF ¶¶ 1-2.) For the purposes of this motion, the court assumes that the Butte County Sheriff's Office works under the umbrella of defendant.

2

"essentials of human life," which includes medical and health care. (SUF ¶ 2.)

In order to carry out these philosophies, defendant has instructed its correctional officers to follow certain procedures when dealing with an inmate in need of medical care. (SUF ¶ 3.) When an inmate is booked, it is the policy of defendant to have the medical unit complete a Medical Pre-Screening Form in which inmates are asked questions regarding the state of their health. (SUF ¶ 5.) Inmates are also provided with a Corrections Division Jail Information Handbook. (SUF ¶ 7.) This handbook informs inmates, among other things, that a private medical company provides health care to inmates; that inmates can submit a Sick Slip if they wish to disclose more information about their health; and that inmates will be seen immediately in case of emergency. (SUF ¶ 8.)

Once they are in jail, inmates can also submit a Sick Slip, which are available in the housing units, if they feel a need for medical attention. (SUF ¶ 3.) The jail's medical unit then schedules inmates to be seen at a sick call. (SUF ¶ 3.) During a medical emergency, correctional officers are to immediately notify the medical unit of the emergency. (SUF ¶ 3.) The medical unit then determines how to handle the emergency. (SUF ¶ 3.)

Additionally, correctional officers are required to conduct direct and visual security checks of each inmate, which, per custom and practice, occur hourly. (SUF ¶ 12.) During these security checks, inmates have the opportunity to inform correctional officers of any health problems. (SUF ¶ 13.) If an

inmate tells a correctional officer that he or she is in need of medical care, the correctional officer will then notify the medical unit. (SUF ¶ 15.)

Inmates are able to make a formal grievance in the event they believe they were not given proper medical care. (SUF ¶ 16.) The grievance is then promptly investigated and referred to either the Shift Sergeant or Administrative Sergeant for timely determination. (SUF ¶ 17.)

Defendant has retained a private medical company, California Forensic Medical Group ("CFMG"), to administer medical care to inmates. (SUF ¶ 9.) Defendant has no supervisory authority over CFMG. (SUF ¶ 10.) The contract with CFMG does, however, require CFMG medical personnel to be present around the clock at the jail. (SUF ¶ 11.)

**II.  Plaintiff's Stay at Butte County Jail**

On July 25, 2006, plaintiff was admitted to Butte County Jail after turning himself in on outstanding warrants for failing to appear in court cases in both Butte County and Tehama County. (SUF ¶ 18.) At the time he was booked, plaintiff did not identify any medical problems on the jail's standard classification questionnaire, nor did plaintiff have any complaints of pain or medical problems when placed in his cell. (SUF ¶ 21.)

On July 26, 2006, at around lunch time, plaintiff first began experiencing pain in his abdominal area. (SUF ¶ 24.) Later that same afternoon, plaintiff continued to feel ill and was experiencing symptoms of stomach pain, vomiting and sweating. (SUF ¶¶ 25-26.) Plaintiff complained there was blood in his

4

vomit, as well.  Plaintiff brought these symptoms to the attention of a correctional officer.  (Pl.'s Stmt. of Undisputed Facts ("PUF"), filed July 11, 2008, ¶ 10.)  Approximately four to five hours later, plaintiff was examined by a physician's assistant at the jail.  (PUF ¶ 11.)  The physician's assistant performed a complete abdominal exam on plaintiff.  (SUF ¶ 27.)  The physician's assistant reported that the exam revealed no noticeable problems, and plaintiff was given a combination of Maalox, Detinol and Xylocaine for his symptoms.  (SUF ¶ 30.)  Plaintiff was also told to notify the jail medical staff if his pain did not go away in 45 minutes.  (PUF ¶ 12.)

Later in the afternoon, plaintiff again complained to a correctional officer about his condition.  (PUF ¶ 13.)  Plaintiff was told by the correctional officer that he had already been seen and that his situation was not an emergency.  (PUF ¶ 13.)

The parties dispute the extent of medical care that plaintiff received after the examination on July 26, 2006.  Plaintiff stated in his deposition that after the initial medical examination on July 26, 2006, the only contact plaintiff had with the medical staff was receiving medicine five days late.  (PUF ¶ 14.)  At one point, plaintiff states that when he told a correctional officer of his continuing pain, the correctional officer laughed and walked away.  (PUF ¶ 16.)  Defendant, on the other hand, has produced records that show plaintiff received medical attention on both July 31, 2006, and August 1, 2006.  (SUF ¶¶ 32, 34.)

On August 2, 2006, plaintiff was sentenced to serve ten days in jail with credit for time served on the charges arising in

5

1 Butte County.  (SUF ¶ 38.)  Based on time served, plaintiff was
2 released that same day.  (SUF ¶ 39.)  Plaintiff was never seen by
3 a physician during his stay.  (PUF ¶ 7.)
4     Plaintiff's mother picked him up from the jail on August 2,
5 2006, and took him directly to a hospital.  (SUF ¶¶ 40-41.)
6 Plaintiff never received treatment, however, because the hospital
7 was crowded and plaintiff did not want to wait for treatment.
8 (SUF ¶ 42.)  Later the same day or early the following morning,
9 plaintiff was transported to a different hospital where he
10 underwent emergency surgery to remove his appendix and part of
11 his bowel and colon.  (SUF ¶ 44.)
12     On February 22, 2007, plaintiff brought suit pursuant to 42
13 U.S.C. § 1983 alleging that defendant violated his constitutional
14 rights during his time at Butte County Jail.  Plaintiff also
15 brought a claim under California Civil Code § 43.

**STANDARD**

17     The Federal Rules of Civil Procedure provide for summary
18 judgment where "the pleadings, depositions, answers to
19 interrogatories, and admissions on file, together with the
20 affidavits, if any, show that there is no genuine issue as to any
21 material fact." Fed. R. Civ. P. 56(c); see California v.
22 Campbell, 138 F.3d 772, 780 (9th Cir. 1998).  The evidence must
23 be viewed in the light most favorable to the nonmoving party.
24 See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (en
25 banc).
26     The moving party bears the initial burden of demonstrating
27 the absence of a genuine issue of fact.  See Celotex Corp. v.
28 Catrett, 477 U.S. 317, 325 (1986).  If the moving party fails to

6

meet this burden, "the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102-03 (9th Cir. 2000). However, if the nonmoving party has the burden of proof at trial, the moving party only needs to show "that there is an absence of evidence to support the nonmoving party's case." Celotex Corp., 477 U.S. at 325.

Once the moving party has met its burden of proof, the nonmoving party must produce evidence on which a reasonable trier of fact could find in its favor viewing the record as a whole in light of the evidentiary burden the law places on that party. See Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995). The nonmoving party cannot simply rest on its allegations without any significant probative evidence tending to support the complaint. See Nissan Fire & Marine, 210 F.3d at 1107. Instead, through admissible evidence the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

**ANALYSIS**

**I.  Claim for Violation of 42 U.S.C. § 1983**

Defendant seeks summary judgment in its favor against plaintiff's § 1983 claim on two separate grounds. First, defendant contends that, as a matter of law, its treatment of plaintiff was constitutionally sufficient. Second, defendant contends that it is immune to plaintiff's claim under the Eleventh Amendment to the United States Constitution.

In <u>Farmer v. Brennan</u>, the United States Supreme Court held that "prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee the safety of the inmates." <u>Farmer v. Brennan</u>, 511 U.S. 825, 833 (1994)(internal quotations omitted). "An inmate's complaint of inadequate medical care amounts to a constitutional violation if the inmate alleges acts or omissions sufficiently harmful to evidence *deliberate indifference* to serious medical needs." <u>Wood v. Housewright</u>, 900 F.2d 1332, 1334 (9th Cir. 1990) (emphasis added).[4]

The plaintiff here has not sued a prison official in his or her individual capacity but instead has sued only defendant, a municipality.  The Supreme Court has held that municipalities are "persons" subject to damages liability under § 1983 where "action pursuant to official municipal policy of some nature cause[s] a constitutional tort." <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 691 (1978).  The Supreme Court has made clear, however, that a municipality may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior; instead, a municipality can only be liable if the municipality itself causes the constitutional deprivation.

---

[4] In his complaint, plaintiff, a pre-conviction inmate, stated his § 1983 claim was based on violations of both his Eighth and Fourteenth Amendment rights.  The petitioner in <u>Farmer</u> was a post-conviction prisoner, and therefore, the Supreme Court analyzed the § 1983 claims based upon prison officials acts or omissions under the Eighth Amendment cruel and unusual punishment clause.  Pre-trial detainees' claims against prison officials, however, are based upon the guarantees under the due process clause of the Fourteenth Amendment.  Nonetheless, the standard and interpretation of deliberate indifference is the same under both clauses for the purposes of prisoner suits.  <u>See</u> <u>Gibson v. County of Washoe, Nevada</u>, 290 F.3d 1175, 1196 (9th Cir. 2002).

Id.  Thus, the Ninth Circuit has recognized that under Monell, a plaintiff may establish municipal liability under a § 1983 claim in one of three ways:

> First, the plaintiff may prove that a city employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity.  Second, the plaintiff may establish that the individual who committed the constitutional tort was an official with final policy-making authority and that the challenged action itself constituted an act of official governmental policy. [T]hird, the plaintiff may prove that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it.

Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir. 1992) (internal citations and quotations omitted).

In this case, defendant has demonstrated an absence of evidence supporting plaintiff's § 1983 claim as well as proffered its own evidence demonstrating that defendant is entitled to summary judgment against plaintiff's § 1983 claim.  Even when the evidence is construed in the light most favorable to plaintiff, plaintiff has not attributed the conduct complained of to an official with final policy-making authority, nor has plaintiff at any point stated that an official with final policy making-authority ratified the conduct complained of.  As such, plaintiff has not put forth sufficient evidence to establish liability on the part of defendant under Monell through either the second or third modes set forth in Gillette.  Therefore, only the first mode is even possibly applicable to plaintiff's § 1983 claim.

Under the first mode described in Gillette, plaintiff alleged in his complaint that the § 1983 violation was carried out "pursuant to the rules, regulations, customs, policies and

practices" of defendant.  (Compl. ¶ 2.)  Plaintiff, however, has not supported this allegation herein with admissible *evidence*. Instead, at most, plaintiff has pointed to instances during his stay at the jail that demonstrate individual mistreatment.  For instance, plaintiff notes that he was never seen by a physician during his jail stay even though defendant is under a consent decree to provide inmates access to physicians; that his medical condition was not properly diagnosed; that after complaining to a correctional officer, the correctional officer laughed at him and walked away; and that plaintiff was not offered the opportunity to go to a hospital during his time at the jail.  Even assuming that these actions rise to an unconstitutional level, "proof of a single incident of unconstitutional activity is not sufficient" to establish Monell liability "unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker."  City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985).  Since plaintiff has not put forth any evidence that attributes his treatment to an existing policy, his § 1983 claim cannot survive summary judgment.

Additionally, defendant has put forth its own unrefuted evidence that its policies were not deliberately indifferent to the medical needs of plaintiff during his time in jail and, therefore, pursuant to § 1983, did not violate plaintiff's Fourteenth Amendment due process rights.  For plaintiff to establish a § 1983 claim, he must show defendant acted with deliberate indifference to plaintiff's serious medical needs. See Wood, 900 F.2d at 1334.  Deliberate indifference exists when

10

a defendant "knows of and disregards an excessive risk to inmate health or safety."  Farmer, 511 U.S. at 837.  A defendant must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id.

As detailed above, defendant has proffered evidence showing that it has implemented a set of procedures aimed at providing medical care to inmates.  Defendant states that these procedures are meant to provide inmates "with safe, secure, and humane treatment consistent with applicable standards, laws, and judicial decisions" and to provide inmates with the "essentials of human life."  As such, the policies, on their face, are not deliberately indifferent to the medical needs of inmates.

Plaintiff has not proffered any admissible evidence of his own that would create a genuine issue of material fact over whether these policies were promulgated with deliberate indifference to prisoners' medical needs.  Instead, plaintiff focuses on his individual treatment as an inmate during his stay at Butte County Jail without showing that his treatment was based on any policy or custom.  Since "proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell," summary judgment on plaintiff's § 1983 claim is proper.  See Tuttle, 471 U.S. at 823-24

Accordingly, the court GRANTS defendant's motion for summary judgment as to plaintiff's § 1983 claim.  Since summary judgment will be granted on this ground, it will not be necessary for the court to examine whether defendant is otherwise immune from liability under the Eleventh Amendment against plaintiff's § 1983

11

claim.

## II. Claim for Violation of California Civil Code § 43

In its motion for summary judgment, defendant argued that there is no admissible evidence supporting plaintiff's claim for violation of California Civil Code § 43. Section 43 provides:

> Besides the personal rights mentioned or recognized in the Government Code, every person has, subject to the qualifications and restrictions provided by law, the right of protection from bodily restraint or harm, from personal insult, from defamation, and from injury to his personal relations.

In his opposition, plaintiff did not oppose defendant's argument for summary judgment against this claim. However, summary judgment is not properly granted simply because there is no opposition. Henry v. Gill Industries, Inc., 983 F.2d 943, 950 (9th Cir. 1993) (citing Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985). "[A] moving party is entitled to summary judgment *only* upon a showing that there are no genuine issues of material fact requiring a trial." Id. (emphasis added).

Here, defendant has demonstrated an absence of evidence that would support plaintiff's claim, thus entitling defendant to summary judgment. The only portion of § 43 from which plaintiff could sustain a claim involves plaintiff's right of protection from bodily restraint or harm. "[T]he phrase 'right of protection from bodily restraint or harm' refers simply to an individual's right to be free from physical attack or the threat thereof." People v. Lashley, 1 Cal. App. 4th 938, 951 (1991). The evidence here, when viewed in the light most favorable to plaintiff, creates no genuine issue of material fact that

12

plaintiff was physically attacked or threatened by defendant. The policies implemented by defendant, as detailed above, do not in anyway indicate that defendant physically attacked or threatened plaintiff, and plaintiff has not presented any evidence to the contrary. Furthermore, plaintiff has not presented any facts that would impute the conduct of the jail employees to defendant. Since there is no genuine issue of material fact, defendant's motion for summary judgment against plaintiff's claim brought under California Civil Code § 43 is GRANTED.

**CONCLUSION**

Defendant has met its burden of demonstrating that there is no genuine issue of material fact on both of plaintiff's claims, and plaintiff has not presented evidence of his own that would create a genuine issue of material fact. Therefore, for the foregoing reasons, defendant's motion for summary judgment is GRANTED in its entirety. The Clerk of the Court is directed to close this file.

IT IS SO ORDERED.

DATED: August 28, 2008

_____
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE